James P. O’Donnell, J.
A petitioner, Bobert J. Babin, an attorney and law professor at Syracuse University School of Law, brings a show cause order before this court challenging both the constitutionality of section 1 of article II of the New York State Constitution and section 150 of the Election Law of the State of New York as it relates to the three months’ residency requirement in the State, county, city or village next preceding an election.
Bobert J. Babin, a practicing attorney in the City of New York, took a position with Syracuse Law School as a professor in September, 1971 and .moved his family to Fayetteville, Onon *755 daga County, New York, on September 1, 1971. In November, 1970, the petitioner registered and voted in the County of New York. On October 2, 1971, he sought to register at a polling place in Fayetteville for the November, 1971 election.
The Board of Inspectors at the election district in which he sought to register, refused to register Mr. Babin upon the ground he did not have the necessary residency requirement under section 150 of the Election Law. The Inspectors refused to permit petitioner to execute a challenge affidavit.
The petitioner contends that both section 1 of article II of the State Constitution and section 150 of the Election Law disenfranchise the petitioner in the fall election and also prevent him from voting in next year’s presidential primary. He contends these provisions violate the due process and equal protection provisions of the Fourteenth Amendment of the United States Constitution.
He seeks to have the court declare that section of the Constitution and section 150 of the Election Law unconstitutional; also seeking to have a judgment directing the Board of Elections and Inspectors of Election to register the petitioner for the fall election.
In the companion action, Nelson D. Atkin, II, and Susan Atkin, his wife; Michael T. McEIduff, Jr., and Donna A. McElduff, seek the same relief and raise the same issues. They, too, moved into Onondaga County on or about September 1, 1971, and have not met the residency requirement of the Constitution and section 150 of the Election Law.
Let us first dispose of petitioner’s argument that he and/or they will be denied the right to vote in the spring primaries. Section 187 (subd. 2, par. [c]) of the Election Law clearly gives the petitioners opportunity to enroll at any time after the first of January and they would be allowed to vote at a presidential primary.
The petitioner argues that the Federal courts have declared durational residency requirement unconstitutional. Title II of the Voting Bights Act (84 U. S. Staf. 314, 315) provided that in a presidential and vice-presidential election, the voter could not be denied his right to cast a ballot because he did not comply with the local residency requirement. The United States Supreme Court upheld this provision in Oregon v. Mitchell, but the late Mr. Justice Black in writing the majority opinion recited (p. 125): “No function is more essential to the separate and independent existence of the States and their governments than the power to determine within the limits of the Constitution the qualifications of their own voters for *756 state, county and municipal offices and the nature of their own machinery for filling local public offices.” (Pope v. Williams, 193 U. S. 621; Oregon v. Mitchell, 400 U. S. 112.)
In closing, Justice Black continues as follows (pp. 134-135): “ Our judgments also save the States the power to control state and local elections which the Constitution originally reserved to them and which no subsequent amendment has taken from them. The generalities of the Equal Protection clause of the Fourteenth Amendment were not designed or adopted to render the States impotent to set up voter qualifications in elections for their own local officials and agents in the absence of some specific constitutional limitations. ’ ’ (Oregon v. Mitchell, supra.)
The State may impose qualifications “within limits”. (Gary v. Sanders, 372 U. S. 368, 379.) It is the opinion of this court that section 1 of article II of the Constitution and section 150 of the Election Law of the State of New York are constitutional and are a reasonable and rational rule as to the qualifications of voting. (Matter of Van Berkel v. Power, 16 N Y 2d 37.)
The petitions in the above-entitled motions in both instances be and hereby are dismissed.